UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | | |
|---|---|---|
| DANIEL COLE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 19-296-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Daniel Cole is an inmate currently confined at the Federal Correctional Institution ("FCI") – Manchester located in Manchester, Kentucky. Proceeding without an attorney, Cole has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence and has paid the $5.00 filing fee. [R. 1, 4] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

**I.**

In September 2011, Cole was charged in an indictment issued by a grand jury in the United State District Court for the Eastern District of Tennessee of one count of conspiracy to possess with intent to distribute oxycodone and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count One); one count of possession of firearms in furtherance of a drug trafficking crime (as charged in Count One) while aided and abetted by another in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, 924(c)(1)(A)(i) (Count Two); three counts of distribution of

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

oxycodone while aided and abetted by another in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Counts Three, Five, and Eight); one count of distribution of oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count Four); three counts of distribution of methamphetamine while aided and abetted by another in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Counts Six, Seven, and Nine); one count of possession with intent to distribute methamphetamine while aided and abetted by another in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count Ten); and one count of possession of firearms in furtherance of a drug trafficking crime (as charged in Count Ten) while aided and abetted by another in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, 924(c)(1)(C)(i) (Count Eleven).  In October 2011, pursuant to a plea agreement with the United States, Cole pled guilty to Counts One through Eleven.  In April 2012, Cole was sentenced to terms of imprisonment of 136 months as to Count One and Three through Ten (to be served concurrently), 60 months as to Count Two, and 300 months as to Count Eleven, such terms to served consecutively to all other terms imposed, for a total term of 495 months imprisonment.  *See United States v. Cole*, 3:11-cr-113-TAV-HBG-1 (E.D. Tenn. 2011).[2]

Cole appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.  Among other grounds, Cole argued that (notwithstanding his agreement to plead guilty to the charge), his second firearm conviction is invalid because § 924(c) does not permit two separate firearms convictions based on predicate offenses of conspiracy to distribute drugs and distribution of drugs, as this is "virtually the same conduct."  *See United States v. Cole*, No.

---

[2] In July 2017, Cole's motion for a sentence reduction in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines was granted and Cole's sentence was reduced to 468 months total imprisonment, comprised of 108 months' imprisonment for the drug offenses, added to the 60-month and 300-month mandatory minimums for Cole's § 924(c) offenses.  *See United States v. Cole*, 3:11-cr-113-TAV-HBG-1 (E.D. Tenn. 2011) at R. 191.

12-5430 (6th Cir. May 20, 2013). The Sixth Circuit rejected this argument and affirmed Cole's conviction and sentence.

The Sixth Circuit specifically rejected Cole's reliance on *United States v. Johnson*, 25 F.3d 1335 (6th Cir. 1994)(en banc), in which the Sixth Circuit held that "possession of one or more firearms in conjunction with predicate offenses involving simultaneous possession of different controlled substances should constitute only one offense under 924(c)(1)." *Id*. at p. 4-5 (quoting *Johnson*, 25 F.3d at 1338). In Cole's appeal, the Sixth Circuit distinguished *Johnson* (which it emphasized had never been extended beyond its facts), explaining that, in *Johnson*,

> the two charges overlapped entirely except for the type of drug involved. Here, as a matter of the elements of a crime, one charge concerned possession with intent to distribute, and the other concerned a conspiracy to sell drugs. And here, as a matter of timing, the conspiracy charge covered a three-year period, while the possession charge covered one day.

*Id*. at p. 5.

In October 2014, Cole filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on ineffective assistance of counsel grounds. *See United States v. Cole*, 3:11-cr-113-TAV-HBG-1 (E.D. Tenn. 2011) at R. 147. Cole's motion was denied in December 2017. *Id*. at R. 197. Cole filed a notice of appeal to the Sixth Circuit in May 2019. Cole also filed a motion to reopen the time to file an appeal in the District Court (which was docketed as a motion for reconsideration) on the grounds that it was over a year before he received a copy of the Court's Order denying his § 2255 motion. *Id*. at R. 212. However, the District Court denied this motion on the grounds that the Court had already decided that Cole was unable to make a substantial showing of the denial of a constitutional right based on the merits. *Id*. at R. 213. The Sixth Circuit dismissed Cole's appeal for lack of jurisdiction in June 2019. *Cole v. United States*, No. 19-5535 (6th Cir. Jun 26, 2019).

Cole has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that he is entitled to relief from his second § 924(c) firearm conviction in light of the Sixth Circuit's decision in *United States v. Vichitvongsa*, 819 F.3d 260 (6th Cir. 2016). In *Vichitvongsa*, the Sixth Circuit relied upon *Johnson* and held that "simultaneous violation of two federal conspiracy statutes cannot support two § 924(c) charges on the sole basis of one firearm use." *Id.* at 264. Cole claims that, in light of *Vichitvongsa*, his conviction of two separate § 924(c) firearm offenses based upon conspiracy to possess with intent to distribute oxycodone and methamphetamine (as charged in Count One) and possession with intent to distribute methamphetamine (as charged in Count Ten) is invalid. He seeks to bring his claims in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e). However, after a thorough review of Cole's petition, the Court must deny relief because Cole's claims are not cognizable in a habeas corpus petition filed pursuant to § 2241.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832,

4

835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). In addition, the Sixth Circuit has made it clear that the retroactive case of statutory interpretation on which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Cole does not meet the foregoing requirements. First, Cole does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to proceed with his claim in a § 2241 petition via the savings clause of § 2255(e). *See Hill*, 836

F.3d at 600; *Hueso*, 948 F.3d at 326.  Instead, Cole relies on the Sixth Circuit's decision in *Vichitvongsa* which is not a Supreme Court decision.  In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings."  *Hueso*, 948 F.3d at 333 (emphasis added).

Nor has Cole "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion."  *Wright*, 939 F.3d at 706.  In fact, Cole specifically challenged the validity of his conviction of two separate § 924(c) firearm offenses based upon conspiracy to possess with intent to distribute oxycodone and methamphetamine (as charged in Count One) and possession with intent to distribute methamphetamine (as charged in Count Ten) on direct appeal to the Sixth Circuit and his challenge was rejected.  It is true that Cole could not have specifically relied upon *Vichitvongsa* on appeal, as *Vichitvongsa* was issued in 2016, which is after Cole's appeal was denied in 2013.  "But a claim for habeas relief is more than the talismanic force of a new case name.  A new case matters only, if at all, because of the *new legal arguments* it makes available."  *Wright*, 939 F.3d at 705 (emphasis in original).

In *Vichitvongsa*, the Sixth Circuit applied its prior holding in *Johnson*, 25 F.3d 1335, a case that Cole specifically relied upon in his appeal as the basis for his argument that § 924(c) does not permit two separate convictions based on predicate offenses of conspiracy to distribute drugs and possession with intent to distribute drugs.  *See United States v. Cole*, No. 12-5430 (6th Cir. May 20, 2013).  In Cole's appeal, the Sixth Circuit distinguished *Johnson* and found that the holding in *Johnson* did not entitle Cole to relief, particularly because Cole was charged with possession with intent to distribute on one day and a conspiracy to sell drugs over a three-year period.  *Id*. at p. 5.

That the Sixth Circuit later found that the rationale of *Johnson* entitled the defendant to relief in *Vichitvongsa* in different factual circumstances does not justify this Court's reconsideration of the Sixth Circuit's analysis regarding the application of *Johnson* to Cole.

Moreover, the Sixth Circuit's decision in *Vichitvongsa* was issued in 2016. While Cole could not have relied upon it in his initial § 2255 motion filed in October 2014, he could have supplemented his § 2255 motion before it was denied in December 2017. He could have also raised it in his motion to reopen the time to appeal the denial of his § 2255 motion in June 2019. That he failed to do so does not mean that § 2255 was "inadequate or ineffective" to test his sentence. *Wright*, 939 F.3d at 706. Because Cole cannot show "he had no prior reasonable opportunity to bring his argument for relief," *id*. at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

For all of these reasons, Cole may not utilize the "savings clause" of § 2255(e) to challenge his conviction in this § 2241 proceeding. Thus, his petition will be denied. Accordingly, it is hereby **ORDERED** as follows:

1. Cole's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.
2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.
3. A corresponding Judgment will be entered this date.

This 11th day of June, 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge